| | | |
|---|---|---|
| MARIANAS PUBLIC LAND TRUST, | ) | CIVIL ACTION NO. 84-119 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION |
| MARIANAS PUBLIC LAND CORPORATION, | ) | |
| Defendant. | ) | |

This written opinion is to re-state the court's reasoning and decision which it gave in open court on March 29, 1984 in respect to the matters delineated below.

The Marianas Public Land Trust (MPLT) has filed suit for the funds received by the Marianas Public Land Corporation (MPLC) from the United States of America for the public lands in Tinian which are leased to the U.S. Government. According to the statement filed by MPLC in the case of Romisher v Marianas Public Land Corporation, Civil Action No. 83-401, a total of $26,434,200 plus interest was received. As of March 29, 1984 MPLC had transferred to MPLT $19,180,046.00[1]

---

[1]By order of the Court on April 2, 1984 an additional $5,019,477 shall be transferred on April 5, 1984.

The basic issue is how much of the funds MPLC can retain and expend as "necessary to meet reasonable expenses of administration" pursuant to Article XI, Section 5 g) of the Constitution of the Northern Mariana Islands (Constitution).

In order for the litigation to proceed in an orderly and expedient fashion, certain preliminary legal issues had to be determined. The Court requested counsel to brief and argue to the court three issues: (1) Which party has the burden of showing the necessary and reasonable expenses of administration?; (2) Are land acquisition costs considered to be reasonable expenses of administration?; and (3) What expenses for the homestead program are reasonable expenses of administration? These questions are answered as follows:

THE MARIANAS PUBLIC LAND CORPORATION HAS THE BURDEN OF PROVING THE AMOUNT NECESSARY TO MEET REASONABLE EXPENSES OF ADMINISTRATION.

MPLC receives funds for public lands as a Trustee. Romisher v Marianas Public Land Corporation, supra. The beneficiaries are the people of the Commonwealth who are of Northern Marianas descent. Constitution, Article XI, Section 1. To carry out its Constitutional duties and obligations it must transfer promptly the funds received to MPLT. The latter is akin to a co-trustee. MPLC as a trustee has the duty to account to the beneficiaries as well as MPLT which is the depository for the trust funds. As a trustee MPLC has a strict duty to account and the burden of showing any deductions from the receipts is on MPLC. Thus, all

the MPLT need do is demand all monies received by MPLC from the public lands and the burden is on MPLC to pay the money to MPLT less the expenses of administration which MPLC can prove.

LAND ACQUISITION COSTS ARE NOT EXPENSES OF ADMINISTRATION.

Romisher, supra, has already concluded this. (See the opinion dated December 28, 1983). Public Law 3-101 which was enacted after December 28, 1983 and which ostensibly gave MPLC land acquisition power does not alter this conclusion. (See Romisher opinion dated February 14, 1984).

The legislature can grant land acquisition powers to MPLC but there is no authority to utilize trust funds for land acquisition costs and the legislature would have to appropriate the funds. Expenses of administration are those necessary to operate MPLC for normal and necessary everyday operations within the confines of Article XI of the Constitution. Land acquisition powers were not granted MPLC by the Constitution.

REASONABLE EXPENSES OF ADMINISTERING THE HOMESTEAD PROGRAM AS SPECIFIED IN THE CONSTITUTION INCLUDE ONLY THOSE WITHIN THE PARAMETERS OF THE CONSTITUTION AND DO NOT INCLUDE CAPITAL IMPROVEMENTS OR CAPITAL EXPENDITURES EXCEPT AS PROVIDED FOR IN SECTION 5 f) OF ARTICLE XI OF THE CONSTITUTION.

The source of authority and scope of work of MPLC is specified in Article XI §§3, 5 a), and 5 f).

Section 3 provides that MPLC shall manage and dispose of public lands as defined in §§1 and 2. Section 5 a) states that MPLC shall make available some portion of the public lands for a homestead program.[2] Section 5 f) directs that MPLC adopt a comprehensive land use plan with respect to public lands including priority of uses.

Clear examples of management expenses of administration are: 1. collecting rents from public lands including collection procedures and attorney fees; 2. monitoring of leases of public lands including maintenance of a temporary nature; 3. costs of negotiating leases and preparing leases of public lands; and 4. the accounting costs of receipts of lease money and the disbursal to MPLT.

However, management does not include capital expenditures or capital improvements as generally defined.

Disposition of public lands by MPLC is restricted and the only way MPLC can dispose of public lands for the first 10 years of its existence is by the grant of homesteads or leases.

---

[2] §5 a) - §5 e) imposes restrictions and limitations on MPLC and homestead applicants as to the use and title of public lands.

■ To administer the portion of public land set aside for the homestead program, the following are examples of reasonable expenses of administration:

1. Determining the location of public lands including the surveying and obtaining legal descriptions; 2. title searches and clerical work related thereto; 3. accepting applications and interviewing homestead applicants; 4. preparing homestead permits and deeds; 5. inspection of homesteads and the monitoring of compliance requirements; 6. travel, legal fees, and staff and board expenses related to the above.

■ Expenses of administration does not include capital expenditures or capital improvements such as constructing roads, water lines, sewers, etc., on public land designated within the homestead program.

Generally speaking, capital improvements or expenditures are those designed to enhance the value of property as contrasted with maintaining it. As a further example, should clearing of land be necessary to set survey markers to prepare a homestead permit for an applicant, the cost is a proper expense of administration. However, the cost of clearing an entire parcel for the purpose of developing a subdivision is not an expense of administration.

■ Expenses incurred in adopting a comprehensive land use plan of public lands are allowable. Examples would be: 1. planning and mapping costs; 2. any engineering design necessary to

972

formulate the plan; 3. topographic work and any clearing necessary to formulate the plan; 4 necessary clerical, staff and board expenses related to the above.

Caution should be exercised however by MPLC to see that only those funds necessary and reasonable to adopt the land use plan are to be expended. The installtion of infrastructure, general clearing, engineering and surveying of land not necessary to adopt the plan are not allowable.

Dated at Saipan, CM, this 3rd day of April, 1984.

_____
Robert A. Hefner, Chief Judge